**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SAMANTHA KRANTZ, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>SMS VENTURES, LLC, and SAURABH ABROL,<br><br>    Defendants. | Case No.: 23-cv-2526<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Samantha Krantz ("Plaintiff"), on behalf of herself and all other similarly situated persons, by and through her undersigned counsel, for her complaint against Defendant SMS Ventures, LLC ("SMS Ventures") and Saraubh Abrol ("Abrol" and, collectively with SMS Ventures, "Defendants") alleges as follows:

## NATURE OF THE ACTION

1. This is a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA") and a class action under the New Jersey Wage and Hour Law, N.J.S.A. §34:11-56(a), *et seq.* (the "NJWHL"), the New Jersey Wage Payment Collection Law, N.J.S.A. 34:11-4.1 *et seq.* ("NJWPCL" and, collectively with NJWHL, "New Jersey Wage Laws) against Defendants for their failure to pay Plaintiff, and other similarly situated employees, proper overtime wages, minimum wages and straight wages for all hours worked, in violation of the FLSA and New Jersey Wage Laws.

2. Plaintiff also brings claims under the common law of New Jersey ("Common Law") for breach of contract against Defendants for their failure to pay her wages.

3. Plaintiff is a former of employee of Defendants, who own, operate or control several clubs, lounges, social clubs and/or restaurants throughout New Jersey.

4. Defendants, at various times throughout the employment of Plaintiff and – upon information and belief – other similarly situated employees, failed to pay wages for all compensable time worked and failed to pay all commissions due and owing. To date, Plaintiff and other similarly situated employees are owed significant sums in unpaid wages.

5. Defendants misclassified Plaintiff and, upon information and belief, other similarly situated employees as independent contractors during the course of their employment and maintained a policy and practice of: 1) failing to monitor and record Plaintiff and other similarly situated employees' hours worked; 2) requiring Plaintiff and other similarly situated employees to work in excess of forty (40) hours per week without proper overtime compensation; and; 3) failing to pay Plaintiff, and other similarly situated employees, wages consistent with applicable federal and state laws, as well as any applicable and valid employment agreements.

6. Upon information and belief, Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b). This Court has jurisdiction over Plaintiff's Common Law and New Jersey Wage Laws claims pursuant to 28 U.S.C. §1367.

8. Venue is proper in this District because Plaintiff resides in this District, and a substantial part of the events giving rise to Plaintiff's claims, and those of the class, occurred in this District, including but not limited to Plaintiff's employment by Defendants and the employment of other similarly situated employees by Defendants.

## PARTIES

9. Plaintiff is a citizen of New Jersey and, at all relevant times herein, worked for Defendants as a Membership Director and Client Relationship Manager at Defendants' lounge and restaurant located in Colonia, New Jersey known as Le Malt Royale.

10. Defendant SMS Ventures is a New Jersey Limited Liability Company with a principal place of business located in the State of New Jersey. SMS Ventures owns and operates several clubs, lounges, social clubs and/or restaurants throughout New Jersey and employed Plaintiff and the Class at all relevant times within the meaning of the FLSA and New Jersey Wage Laws.

11. Upon information and belief, Defendant Abrol is an individual engaging in business in this judicial district during the relevant time period. Abrol is sued individually in his capacity as owner, officer, and/or agent of Defendant SMS Ventures. Abrol possesses operational control over defendant SMS Ventures, an ownership interest in defendant SMS Ventures and controls significant functions of defendant SMS Ventures. Abrol determines the wages and compensation of the employees of SMS Ventures, including those of Plaintiff and the other similarly situated employees, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FLSA COLLECTIVE ALLEGATIONS

12. Plaintiff brings the First and Second Counts as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. §216(b), on behalf of herself and other similarly situated current and former employees of Defendant SMS Ventures who were misclassified as independent contractors and/or were paid on a salary and/or commission basis (the "FLSA Collective"), which shall include:

> All persons who work or worked for Defendants within the three years preceding the filing of this action through the date the Court orders notice to be sent in accordance with Section 216(b) of the FLSA (the "FLSA Class Period") and who were misclassified as independent contractors and/or not paid appropriate straight and overtime wages and/or not paid appropriate straight and overtime wages and/or all individuals who worked for Defendants and were paid according to an unlawful salary and/or commission basis. Excluded from the FLSA Collective are Defendants and any corporations, partnerships, subsidiaries, or other entities affiliated with Defendants.

13. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective, including fifteen (15) or more similarly situated current and former employees of Defendants who have been underpaid and/or unpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of and the opportunity to join the present lawsuit.

14. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records that Defendants are required to create and maintain pursuant to applicable federal and state law.

15. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. §216(b).

## **NEW JERSEY CLASS ACTION ALLEGATIONS**

16. The preceding paragraphs are incorporated by reference as if fully set forth herein.

17. Plaintiff brings this action on her own behalf and as a class action for violation of New Jersey Wage Laws pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of other similarly situated current and former employees of Defendant SMS Ventures who were misclassified as independent contractors and/or were paid on a salary and/or commission basis (the "New Jersey Class"), which shall include:

> All persons who work or worked for Defendants within the six years preceding the filing of this action and who were misclassified as independent contractors and/or not paid appropriate straight and overtime wages and/or not paid appropriate straight and overtime wages and/or all individuals who worked for Defendants and

4

were paid according to an unlawful salary and/or commission basis. Excluded from the New Jersey class are Defendants and any corporations, partnerships, subsidiaries, or other entities affiliated with Defendants.

18. Also excluded are persons and entities who submit timely and otherwise proper requests for exclusion from the New Jersey Class.

19. Defendants employ, upon information and belief, over 50 employees in New Jersey and they systematically fail and refuse to pay these employees for all compensable hours worked. The members of the New Jersey Class are so numerous that joinder of all members in one proceeding is impracticable.

20. Plaintiff's claims are typical of the claims of other New Jersey Class members because Plaintiff was misclassified as an independent contractor, Defendants did not monitor or record her hours worked, she was required to work in excess of forty (40) hours per week without proper overtime compensation, and Defendants did not pay her consistent with applicable federal and state laws. Plaintiff and other New Jersey Class members have sustained similar types of damages as a result of Defendants' failure to comply with New Jersey Wage Laws. Plaintiff and other New Jersey Class members have been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

21. Plaintiff will fairly and adequately protect the interests of the New Jersey Class. Plaintiff has retained counsel competent and experienced in complex class action and wage and hour litigation. There is no conflict between Plaintiff and the New Jersey Class.

22. Questions of law and fact that are common to the members of the New Jersey Class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the New Jersey class are whether Defendant misclassified the Plaintiff and the New Jersey Class as independent contractors and whether Defendants failed to

pay Plaintiff and the New Jersey Class appropriate minimum, overtime and straight wages pursuant to New Jersey Wage Laws.

23. Class action treatment is superior to any alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would entail. Individual class members' damages are inadequate to justify the costs of prosecuting their claims in any manner other than a class action. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Members of the New Jersey Class are readily identifiable from Defendants' own records.

24. Prosecution of separate actions by individual members of the New Jersey Class would create the risk of inconsistent or varying adjudications with respect to individual members of the New Jersey Class that would establish incompatible standards of conduct for Defendants.

25. Without a class action, Defendants will retain the benefit of their wrongdoing and will continue a course of action that will result in further damages to Plaintiff and the New Jersey Class.

## SUBSTANTIVE ALLEGATIONS

26. Plaintiff was employed by Defendants from in or around October 20, 2018 until in or around October 28, 2022.

27. Defendants misclassified Plaintiff – with a brief exception – as an independent contractor throughout her employment. Upon information and belief, Defendants similarly mischaracterized members of the FLSA Collective and the New Jersey Class.

28. Defendants controlled and directed the performance of Plaintiff's, the FLSA Collective's and the New Jersey Class' duties, those duties were within the normal scope of Defendants' business and Plaintiff, the FLSA Collective and the New Jersey Class were not and are not customarily engaged in an independently established trade or business.

29. Indeed, Defendants acknowledged Plaintiff's status as an employee on several occasions to third-party financial institutions.

30. Tellingly, following the onset of the COVID-19 pandemic, Defendants changed Plaintiff's classification and temporarily recognized her as a W-2 employee despite no material changes in her job duties. Upon information and belief, Defendants did this in an effort to obtain additional improper and unlawful PPP loan forgiveness.

31. Upon her hiring, Plaintiff was promised wages in an amount of $70,000 to $90,000 annually, purportedly depending upon her earned commissions.

32. At the outset of her employment, Plaintiff executed a purported "Commission Agreement" wherein Defendants agreed to provide Plaintiff certain commissions based upon the number of memberships which she sold, with a minimum monthly salary of $1,500 and with certain additional benefits.

33. Throughout her employment, Plaintiff – who was given the title of Membership Director and later was given the additional title of Client Relationship Manager – worked between six and seven days per week, for approximately 60 to 75 hours per work week.

34. In violation of New Jersey Wage Laws, Defendants never provided Plaintiff or the New Jersey Class with their accurate rate of pay at the time of their hiring, notice of changes to their rate of pay or appropriate wage statements which an employer must provide to its employees. In fact, Plaintiff and the New Jersey Class were never provided any formal and accurate written

indication as to how Defendants would calculate and did calculate their commission payments or their wages in general.

35. Moreover, Defendants never formally recorded or tracked the hours which Plaintiff the FLSA Collective or the New Jersey Class worked and never formally calculated any commissions or wages which they might be owed pursuant to the FLSA, New Jersey Wages Laws or any applicable employment agreements. Instead, Defendants merely paid Plaintiff, the FLSA Collective and the New Jersey Class a flat and round amount on either a monthly, twice monthly or biweekly basis consistent with Defendants' own whims and without regarding to any applicable law or agreement, including the "Commission Agreement."

36. Plaintiff, specifically, was not paid for roughly three months' worth of work. Despite beginning work in or around October 20, 2018, Plaintiff was not paid during the months of October, November or December in 2018. Her first payment of wages did not occur until January of 2019. Plaintiff also was not paid for the pay period subsequent to her October 20, 2022 paycheck despite working through October 28, 2022.

37. Moreover, by way of example, in January and February of 2019, Plaintiff was only paid $1,750. In June of 2019 she was only paid $1,000. Given that Plaintiff worked, on average, 60 to 75 hours per week Defendants failed to pay Plaintiff appropriate minimum and overtime wages pursuant to the FLSA and New Jersey Wage Laws.

38. Additionally, Defendants breached the "Commission Agreement" agreement in that it failed to pay Plaintiff pursuant to its terms. Beyond the fact that Defendants failed to pay Plaintiff at all for several months during her employment, Defendants drastically underpaid Plaintiff commissions pursuant to the agreement's terms and did not even attempt to perform any calculation of Plaintiff's owed commissions or pay her pursuant to same.

## COUNT I

### FAILURE TO PAY OVERTIME
### UNDER THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201, *ET SEQ.*
(On Behalf of Plaintiff and the FLSA Collective)

39. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

40. During the FLSA Class Period, Plaintiff and others similarly situated were "employees" of Defendants within the meaning of the FLSA, 29 U.S.C. §203(e) and (g).

41. At all relevant times, Defendants have been and continue to be an "employer" engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, Defendants have employed and continue to employ the FLSA Collective, including Plaintiff.

42. At all relevant times, Defendants' business has had annual gross revenues in excess of five-hundred thousand dollars ($500,000).

43. Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent is attached hereto as Exhibit A and is incorporated by reference.

44. Defendants were required to properly pay Plaintiff and others similarly situated all wages due, including applicable overtime wages for all hours worked in excess of forty (40) hours per workweek.

45. During the FLSA class period, Defendants failed to pay Plaintiff and the FLSA Collective all wages due, including overtime wages of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek to which they were entitled under the FLSA, 29 U.S.C. §207.

46. Defendants' violation of the overtime requirements of the FLSA was part of its regular business practice and constituted a pattern, practice, and/or policy.

47. As a result of Defendants' violations of the FLSA, Plaintiff and others similarly situated have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial. Plaintiff and others similarly situated are entitled to recovery of such amounts and liquidated damages in an amount equal to their unpaid wages, together with prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and punitive damages pursuant to 29 U.S.C. §216(b).

48. Defendants, by the above-described conduct, acted willfully and intentionally and/or without good faith. Defendants knew or should have known that the practices complained of herein were unlawful. Defendants knew that Plaintiff and others similarly situated routinely worked in excess of forty (40) hours per week, and that Plaintiff and others similarly situated were not paid for all hours worked.

49. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and others similarly situated.

50. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies under the FLSA, 29 U.S.C. §255(a).

51. Plaintiff and the FLSA Collective seek to enjoin Defendants from their continuing violations of 29 U.S.C. §207.

## COUNT II

**AS AND FOR A SECOND CAUSE OF ACTION: FAILURE TO PAY MINIMUM WAGES UNDER THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201, *ET SEQ.***
(On Behalf of Plaintiff and the FLSA Collective)

52. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

53. During the FLSA Class Period, Plaintiff and others similarly situated were "employees" of Defendants within the meaning of the FLSA, 29 U.S.C. §203(e) and (g).

54. At all relevant times, Defendants have been and continues to be an "employer" engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, Defendants have employed and continue to employ the FLSA Collective, including Plaintiff.

55. At all relevant times, Defendants' business has had annual gross revenues in excess of five-hundred thousand dollars ($500,000).

56. Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent is attached hereto as Exhibit A and is incorporated by reference.

57. Defendants were required to properly pay Plaintiff and others similarly situated the minimum wage for all hours worked.

58. During the FLSA class period, Defendants failed and refused to pay Plaintiff and the FLSA Collective minimum wage for all of their hours worked pursuant to 29 U.S.C. §206.

59. Defendants' violation of the minimum wage requirements of the FLSA was part of its regular business practice and constituted a pattern, practice, and/or policy.

60. As a result of Defendants' violations of the FLSA, Plaintiff and others similarly situated have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial. Plaintiff and others similarly situated are entitled to recovery of such amounts and liquidated damages in an amount equal to their unpaid wages, together with prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and punitive damages pursuant to 29 U.S.C. §216(b).

61. Defendants, by the above-describe conduct, acted willfully and intentionally and/or without good faith. Defendants knew or should have known that the practices complained of herein were unlawful. Defendants knew that Plaintiff and others similarly situated routinely worked in excess of forty (40) hours per week, and that Plaintiff and others similarly situated were not paid for all hours worked.

62. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and others similarly situated.

63. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies under the FLSA, 29 U.S.C. §255(a).

64. Plaintiff and the FLSA Collective seek to enjoin Defendants from their continuing violations of 29 U.S.C. §206.

## COUNT III

**AS AND FOR A THIRD CAUSE OF ACTION: FAILURE TO PAY OVERTIME UNDER THE NEW JERSEY WAGE AND HOUR LAW, N.J.S.A. §34:11-56(A), *ET SEQ*.**
(On Behalf of Plaintiff and the New Jersey Class)

65. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

66. At all relevant times, Plaintiff and the New Jersey Class were employed by Defendants within the meaning of the NJWHL.

67. Defendants willfully violated Plaintiff's rights and the rights of the members of the New Jersey Class by unlawfully classifying them as independent contractors and/or failing to pay them overtime compensation at rates not less than one and one-half their regular rate of pay for each hour worked in excess of forty hours in a workweek.

68. As a result of Defendants' violations of the NJWHL, Plaintiff and the New Jersey Class have suffered damages in amounts to be determined at trial, and are entitled to recover such amounts, together with treble damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and costs pursuant to the NJWHL.

## COUNT IV

### FAILURE TO PAY MINIMUM WAGE UNDER THE
### NEW JERSEY WAGE AND HOUR LAW, N.J.S.A. §34:11-56(A), *ET SEQ.*
(On Behalf of Plaintiff and the New Jersey Class)

69. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

70. At all relevant times, Plaintiff and the New Jersey Class were employed by Defendants within the meaning of the NJWHL.

71. Defendants willfully violated Plaintiff's rights and the rights of the members of the New Jersey Class by unlawfully failing to pay compensation to them at rates not less than the minimum wage.

72. As a result of Defendants' violations of the NJWHL, Plaintiff and the New Jersey Class have suffered damages in amounts to be determined at trial, and are entitled to recover such amounts, together with treble damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and costs pursuant to the NJWHL.

## COUNT V

### FAILURE TO PAY STRAIGHT WAGES UNDER THE
### NEW JERSEY WAGE AND HOUR LAW, N.J.S.A. §34:11-56(A), *ET SEQ.* AND NEW JERSEY WAGE PAYMENT COLLECTION LAW, N.J.S.A. 34:11-4.1 et seq.
(On Behalf of Plaintiff and the New Jersey Class)

73. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

74. At all relevant times, Plaintiff and the New Jersey Class were employed by Defendants within the meaning of the NJWHL and the NJWPCL.

75. Defendants were not and are not permitted by state or federal law, or by order of a court of competent jurisdiction, to withhold or divert any portion of Plaintiff's wages or the wages of the members of the New Jersey Class and lacked authorization by the Plaintiff or by the members of the New Jersey Class to do so.

76. Defendants willfully violated Plaintiff's rights and the rights of the members of the New Jersey Class by unlawfully withholding and/or failing to timely pay Plaintiff and the members of the New Jersey Class for all compensable time worked.

77. As a result of Defendants' violations of the NJWHL and NJWPCL, Plaintiff and the New Jersey Class have suffered damages in amounts to be determined at trial, and are entitled to recover such amounts, together with treble damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and costs pursuant to the NJWHL and NJWPCL.

### COUNT VI

#### BREACH OF CONTRACT
(Individually)

78. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

79. Defendant SMS Ventures has breached the Commission Agreement by failing to properly compensate Plaintiff pursuant to its terms.

80. Plaintiff, on the other hand, has fully complied with all of the terms and conditions of the Commission Agreement.

81. Defendant SMS Ventures' breach of the Commission Agreement and its failure and refusal to provide proper compensation to Plaintiff, as described herein, is improper, without justification, and in violation of its obligations.

82. As a direct and proximate result of Defendant SMS Ventures' breach of the Commission Agreement, Plaintiff has incurred damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Samantha Krantz respectfully requests that this Court enter judgment in her favor on all counts against Defendants and grant Plaintiff, the FLSA Collective and the New Jersey Class the following relief:

A. An order certifying this case as a collective action for Defendants' violations of the FLSA as they pertain to Plaintiff's First and Second Causes of Action, and, as they pertain to the Third, Fourth, and Fifth Causes of Action for Defendants' violations of New Jersey Wage Laws, for the collective and class of employees described herein and designating Plaintiff's counsel and collective/class Counsel;

B. An award to Plaintiff, the FLSA Collective and New Jersey Class all statutory damages, compensatory damages, treble damages, punitive damages, liquidated damages, pre- and post-judgment interest in an amount to be determined at trial;

C. An award to Plaintiff, the FLSA Collective and the New Jersey Class their reasonable attorneys' fees, costs, and expenses as authorized by law;

D. An order enjoining Defendants from continuing to violate the FLSA and New Jersey Wage Laws; and

E. Such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff Samantha Krantz hereby demands trial by jury as to all issues so triable.

Dated: Clark, New Jersey
May 9, 2022

McLAUGHLIN & STERN, LLP

By: *s/ Charles F. Kellett*
Charles F. Kellett, Esq. (027202009)
ckellett@mclaughlinstern.com
Brett R. Gallaway, Esq. (*pro hac vice forthcoming*)
bgallaway@mclaughlinstern.com
100 Walnut Avenue, Suite 210
Clark, New Jersey 07066
Tel.: (212) 448-1100

*Attorneys for Plaintiff*